*E-Filed: July 30, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACHIRAPORN VIVORAKIT,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, et al.,<br><br>    Respondents. | Case No.  14-cv-04515-HRL<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

    Petitioner Vachiporn Vivorakit has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3).  Presently before the court is Defendants Eric H. Holder, Timothy S. Aitken, Jeh Charles Johnson, and Lt. Vanderlin' motion to dismiss the petition.  All parties have expressly consented to having all matters proceed before a magistrate judge.  Based on the moving and responding papers, the court grants the motion to dismiss.

## BACKGROUND

    Petitioner, a native and citizen of Thailand, was admitted to the United States as a lawful permanent resident in January 1996.  Pet., Exh. 3; Res., Exh. 2.  In 2004, Petitioner conspired to import pseudoephedrine to the United States, with the knowledge that it would be used to manufacture methamphetamine.  Pet., Exh. 3; Res., Exh. 1.  In August 2006, Petitioner was convicted of conspiracy to import a listed chemical in violation of 21 U.S.C. §§ 960, 841(c)(2), and 846 and sentenced to 78 months of incarceration.  Pet., Exhs. 3, 5; Res., Exhs. 1, 2.

    Based on this criminal conviction, the Department of Homeland Security ("DHS") placed

Petitioner in removal proceedings in December 2011. Pet., Exh. 3. DHS charged her with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) or having been convicted of an aggravated felony as defined under 8 U.S.C. §§ 1101(a)(43)(U), (B) for conspiracy to commit illicit trafficking of a controlled substance. *Id.* Petitioner conceded removability as charged and requested deferral of removal under the Convention Against Torture ("CAT"). Res., Exh. 2.

The immigration judge denied her CAT application in May 2013, but the Board of Immigration Appeals remanded in October 2013. Res., Exh. 3. On the same day, Petitioner received an individualized bond hearing as required by *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). Pet., Exhs. 6, 9; Res., Exh. 4. The immigration judge found that DHS justified Petitioner's continued detention with clear and convincing evidence that she was a danger to the community and a flight risk. *Id.* Petitioner did not appeal the immigration judge's bond denial. Pet., Exh. 9; Res., Exh. 4.

On remand, the immigration judge denied Petitioner's CAT application, and the Board affirmed in March 2014. Res., Exh. 5. Petitioner filed a timely petition for review of the Board's decision and stay motion with the Ninth Circuit in April 2014. *See Vivorakit v. Holder*, No. 14-70972, Dkt. No. 1. The petition remains pending. The Ninth Circuit granted her stay motion on July 8, 2014. *Id.*, Dkt. No. 14. The Ninth Circuit also granted Petitioner's request for expedited adjudication of her petition for review. *Id.* The government filed a motion for summary disposition in December 2014. *Id.*, Dkt. Nos. 15, 21.

Petitioner filed three requests for an additional custody redetermination with the immigration judge. Pet., Exhs., 7, 8; Res., Exh. 4. The immigration judge denied the requests, and Petitioner appealed only the denial issued on July 21, 2014. Pet., Exh. 9. In July 2014, the immigration judge denied the request, finding her not entitled to a second *Rodriguez* hearing because there is no authority for providing aliens "serial bond hearings every six months." Res., Exh. 4. In addition, the immigration judge found that Petitioner failed to show "materially changed circumstances," to entitle her to a second custody redetermination under 8 C.F.R. § 1003.19(e). *Id.* The immigration judge found that the only change since her October 2013 bond hearing was that her case has been dismissed by the Board—a fact that "increases her risk of flight

and nonappearance, rather than decreasing it." *Id*.

Petitioner appealed the immigration judge's July 2014 decision to the Board, which dismissed her appeal in September 2014. Pet., Exh. 9. The Board agreed that Petitioner has "already been afforded a hearing to determine whether her detention is justified," with DHS bearing the burden of proof. *Id*. The Board found that Petitioner failed to show any material changed circumstance since her original bond hearing to warrant a custody redetermination under the regulations. *Id*.

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3). Petitioner argues: (1) she is entitled to a new bond hearing because over one year has passed since an immigration judge last evaluated her custody in October 2013; (2) she is entitled to a new hearing under *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008); and (3) the government cannot meet its burden for detaining Petitioner. Petitioner requests that this court order her immediate release from detention or, in the alternative, order the government to provide her a full hearing before an immigration judge on the issue of release on bond.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

First, Petitioner argues that she is entitled to a new bond hearing because over one year has

passed since an immigration judge last evaluated her custody in October 2013.  Petitioner has failed to state a claim because she has not shown that she is entitled to more process than what she received.  An alien is not entitled to any additional remedy so long as the alien's detention continues to serve a legitimate governmental purpose.  *See Demore v. Kim*, 538 U.S. 510, 523 (2003).  Detention continues to serve such an interest throughout the duration of removal proceedings and extends beyond the conclusion of the administrative process until removal is no longer likely.  *See Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001).

DHS has already shown that continued detention is justified by clear and convincing evidence. An additional bond hearing would be necessary only if there is new evidence constituting changed circumstances, showing that Petitioner is no longer a flight risk or danger to the community, which is contemplated by 8 C.F.R. § 1003.19(e).  This regulation is sufficient to protect Petitioner's due process interests and no additional procedure is required.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (when determining what due process requires, courts consider, among other things, "the probative value, if any, of additional or substitute procedural safeguards" and the "Government's interest, including the function involved and the fiscal and administrative burdens").

Petitioner argues that her hearing was insufficient to protect her liberty interest because the agency did not consider her flight risk and dangerousness "on a current basis."  Pet. at 20. However, DHS initially proved that she was a flight risk and danger to the community.  Petitioner had the opportunity to show changed circumstances, but failed to do so.  In light of the prior danger and flight-risk finding, the agency found that the evidence showed that she was a flight risk and danger to the community.

Petitioner also argues that 8 C.F.R. § 1003.19(e) is inadequate because it "place[s] the burden on the detainees to request a bond hearing when the government is constitutionally obligated to provide those hearings."  Pet. at 16.  Petitioner, however, did receive a bond hearing in addition to another opportunity to demonstrate changed circumstances.  Petitioner cites no authority for the proposition that automatic bond hearings, in the absence of evidence of changed circumstances, is required.

4

Second, Petitioner argues that she is entitled to a *Casas-Castrillon* hearing, in addition to a *Rodriguez* hearing, because her detention status now falls under § 1226(a). Pet. at 21-23. An alien removable for having committed an aggravated felony is originally detainable under 8 U.S.C. § 1226(c), which provides for mandatory detention of certain criminal aliens. 8 U.S.C. § 1226(c)(1)(B). *Rodriguez* read "an implicit reasonable time limitation" into § 1226(c) such that DHS may only mandatorily detain aliens under § 1226(c) without a bond hearing for approximately six months. *Rodriguez*, 715 F.3d at 1137-38. After approximately six months of detention, detention authority shifts to § 1226(a), which is discretionary. *See id*. At this point, the detained alien is entitled to a bond hearing before a neutral adjudicator where DHS bears the burden of justifying the alien's continued detention. *Id*. at 1134-35, 1138-39.

*Casas-Castrillon* considered what statute governs an alien's detention after his removal order became administratively final, but while his review petition remained pending and a judicial stay is in effect. The court held that "[b]ecause the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,'. . . § 1226(a) must be construed as requiring the Attorney General to provide an alien with such a hearing." *Casas-Castrillon*, 535 F.3d at 951. In addition, the court held that DHS bore the burden to show that his continued detention was justified. *Id*.

*Casas-Castrillon* and *Rodriguez* do not provide for separate hearings. Both *Rodriguez* and *Casas-Castrillon* hold that an alien initially detained under § 1226(c) is deemed to be detained under § 1226(a) when his or her detention becomes prolonged, and is entitled to a bond hearing before a neutral adjudicator where DHS bears the burden of justifying detention. Petitioner received such a hearing, in which DHS showed that a legitimate governmental interest was being served by her detention.

Petitioner argues that she "had a bond hearing pursuant to INA 236(c) but has not received a hearing now that she is held pursuant to INA 236(a)." Pet. at 21. Petitioner, however, did not receive a bond hearing while subject to mandatory detention under § 1226(c), because § 1226(c) does not authorize the release of aliens on bond. *Rodriguez* clarified that it did not "require that anyone held under § 1226(c) receive a bond hearing," but rather, once "detention becomes

5

prolonged, § 1226(c) becomes inapplicable" and DHS's detention authority shifts to § 1226(a). *Rodriguez*, 715 F.3d at 1138. Therefore, Petitioner only received a bond hearing once her detention became prolonged and her detention shifted to § 1226(a). Her detention remains controlled by § 1226(a) because the "removal period" has not begun.

Third, Petitioner argues that she is entitled to release because her detention is prolonged. However, Petitioner's detention is not indefinite, so the court cannot order her release. In *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008), the Ninth Circuit held that although a petitioner's detention was prolonged, it was not indefinite and therefore it was not "constitutionally problematic" as in *Zadvydas*. The court in *Prieto-Romero* "construe[d] the Attorney General's detention authority under § 1226(a) as limited to the period reasonably necessary to bring about an alien's removal from the United States." *Id*. at 1063 (internal quotation marks and alteration omitted). However, the court found no basis for habeas relief because although the petitioner's "removal was certainly delayed by his pursuit of judicial review of his administratively final removal order," there was no evidence that he was "unremovable because his destination country will not accept him or his removal is barred by our own laws." *Id*. (internal citation omitted).

Petitioner argues that because it may take over a year for the Ninth Circuit to resolve her review petition, her removal is not reasonably foreseeable. Although her review petition prevents removal at this time, her removal is distinguishable from the "removable-but-unremovable limbo" of the detainees in *Zadvydas*. *Prieto-Romero*, 534 F.3d at 1063. Petitioner has not presented any evidence that would prevent her from being removed if her review petition is ultimately denied, such as a lack of repatriation agreement with Thailand or a finding that she merits mandatory relief from removal. *See id.*

Petitioner argues that "other courts have recognized the need to continuously reassess the dangerousness and flight risk of aliens in the context of prolonged detention following the issuance of a stay of removal." Pet. at 18-19. Petitioner suggests that she should receive the same periodic reviews that detained aliens receive under 8 C.F.R. § 241.4 once their removal orders become judicially final. *Id*. However, 8 C.F.R. § 241.4 governs detention of aliens beyond the

removal period and addresses concerns raised by *Zadvydas* where removal is not reasonably foreseeable. Here, however, Petitioner's removal order is not judicially final and there is no evidence that her removal is not reasonably foreseeable, as there are no known roadblocks to the government's ability to remove her if her petition is denied. Petitioner's citation to *Oyedeji v. Ashcroft*, 332 F. Supp. 2d 747, 753-54 (M.D. Pa. 2004), is inapposite because that case involved a bond hearing conducted by the habeas court, not a bond hearing before an immigration judge as required by Ninth Circuit precedent.

## CONCLUSION

For the reasons stated above, Respondents' motion to dismiss the Petition is granted.

**IT IS SO ORDERED.**

Dated: July 30, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge